**Sheila HACKERT, individually and as Administratrix of the goods, chattels and credits of William P. Hackert, Jr. and Christine M. Hackert, deceased and John Anthony Hackert, Plaintiffs–Appellees,**

v.

**FIRST ALERT, INC. and BRK Brands, Inc., Defendants–Appellants.**

**No. 06–4387–cv.**

United States Court of Appeals, Second Circuit.

March 25, 2008.

Robert J. Gilbertson, Robins, Kaplan, Miller & Ciresi LLP, Minneapolis, Minn. (Sally M. Silk and James L. Fetterly, Robins, Kaplan, Miller & Ciresi LLP, Minneapolis, Minn., James E. Hacker and Thomas D. Buchanan, Hacker & Murphy, LLP, Latham, N.Y., on the brief), for Appellees.

Neil A. Goldberg, Goldberg Segalla LLP, Buffalo, N.Y. (James H. Heller & Terry M. Henry, Cozen O'Connor, Philadelphia, PA., on the brief), for Appellants.

PRESENT: Hon. WALKER, Hon. GUIDO CALABRESI, Circuit Judges, and Hon. STEFAN R. UNDERHILL, District Judge.[1]

### SUMMARY ORDER

Defendants–Appellants First Alert, Inc. and BRK Brands, Inc. appeal a judgment entered against them in the United States District Court for the Northern District of New York. The jury determined that a smoke detector manufactured by Defendants–Appellants failed to alert the members of the Hackert family to a fire in their home, and that this failure resulted in the deaths of William and Christine Hackert. Following remittiturs, $2.8 million in compensatory and punitive damages were awarded to John and Sheila Hackert, the surviving family members, under the New York law of negligence and products liability. We assume the parties' familiarity with the facts of the case, its procedural history, and the scope of the issues on appeal.

On appeal, Defendants–Appellants raise a number of objections to the proceedings below, many of which challenge the district court's evidentiary rulings. We accord "substantial deference" to a trial court's decisions to admit or reject evidence.

---

1. The Honorable Stefan R. Underhill, United States District Judge for the District of Connecticut, sitting by designation.

*Reilly v. Natwest Markets Group Inc.,* 181 F.3d 253, 266 (2d Cir.1999). Even where, as here, a party has contemporaneously objected to the district court's rulings, a new trial is appropriate only if the court made mistakes that were a "clear abuse of discretion," and were "clearly prejudicial to the outcome of the trial." *Marcic v. Reinauer Transp. Cos.,* 397 F.3d 120, 124 (2d Cir.2005) (quotation marks and citation omitted). Finding no such faults in the case before us, we conclude that Judge Hurd did not err in refusing to grant a new trial on evidentiary grounds.

In addition, Defendants–Appellants challenge the sufficiency of the evidence to support the jury's finding of liability. We review de novo the district court's decision to deny judgment as a matter of law, which is warranted only when, "viewing the evidence in the light most favorable to the non-moving party, there can be but one conclusion as to the verdict that reasonable persons could have reached." *Ehrlich v. Town of Glastonbury,* 348 F.3d 48, 52 (2d Cir.2003) (quotation marks omitted). Our review of the record reveals sufficient evidence to support the jury's determinations (i) that the smoke detector was defectively designed under New York law; (ii) that Defendants–Appellants were negligent with respect to the smoke detector; (iii) that the smoke detector's failure was a legal cause of the deaths of William and Christine Hackert; and (iv) that an award of punitive damages was appropriate.

Defendants–Appellants' remaining contentions also lack merit. To the extent that these arguments concern the jury charge, we review the trial judge's instructions de novo, reversing only where they failed to inform or where they misled the jury regarding the applicable legal rule. *See Olin Corp. v. Certain Underwriters at Lloyd's London,* 468 F.3d 120, 129 (2d Cir.2006). We find no errors in the jury charge. Finally, we review for abuse of discretion the district court's decision not to remit still further the jury's award of damages for conscious pain and suffering. *See Gasperini v. Ctr. for Humanities, Inc.,* 149 F.3d 137, 140 (2d Cir.1998). Defendants–Appellants have failed to establish that the district court, in conducting its remittitur analysis, reached clearly erroneous findings of fact, committed legal error, or otherwise abused its discretion. Accordingly, we leave the damages award undisturbed. *See id.* at 142 ("[T]he federal system places primary responsibility for conducting this analysis in the district court. We cannot set aside its fairly-reasoned decision merely because we might disagree with the outcome it reached, or because, if it were left to us, we might decide the matter differently.").

We have considered all of Defendants–Appellants' arguments, and have found each of them to be without merit. The judgment of the district court is **AF-FIRMED.**